UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

JAMEL PERKINS,

                Plaintiff,

      v.

SYNACOR, INC., KEVIN M. RENDINO,
HIMESH BHISE, ELISABETH B.
DONOHUE, MARWAN FAWAZ,
ANDREW KAU, and MICHAEL J.
MONTGOMERY,

                Defendants.

------------------------------------------------

Case No._____

**COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS**

JURY TRIAL DEMANDED

 

Plaintiff Jamel Perkins ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Synacor, Inc. ("Synacor" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), and to enjoin the expiration of a tender offer by SY Merger Sub Corporation ("Purchaser") (the "Offer"), a wholly

owned subsidiary of  CLP SY Holding, LLC ("Parent") and an affiliate of Centre Lane Partners, LLC ("Centre Lane") (the "Proposed Transaction").

2.     On February 11, 2021, Synacor announced that it had entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which, Centre Lane will acquire all outstanding shares of Synacor for $2.20 in cash per share of Synacor common stock.  The Offer is scheduled to expire at 12:00 midnight, New York City time, on March 30, 2021.

3.     On March 3, 2021, in order to convince Synacor stockholders to tender their shares in the Offer, defendants filed a Schedule 14D-9 Solicitation/Recommendation Statement (the "14D-9") with the SEC which omits or misrepresents material information concerning, among other things: (i) Synacor management's financial projections and the data and inputs underlying the financial analyses that support the fairness opinion provided by Canaccord Genuity LLC ("Canaccord"); (ii) the background of the Proposed Transaction; and (iii) Company insiders' potential conflicts of interest.  The failure to adequately disclose such material information renders the 14D-9 false and misleading.

4.     For these reasons, and as set forth in detail herein, Plaintiff alleges that defendants violated Sections 14(d), 14(e) and 20(a) of the Exchange Act as Synacor stockholders need such information in order to make an informed decision whether to tender their shares in support of the Proposed Transaction or seek appraisal.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.     This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.   Synacor's common stock trades on Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

## PARTIES

8.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Synacor.

9.     Defendant Synacor is a Delaware corporation with its principal executive offices located at 40 La Riviere Drive, Suite 300, Buffalo, New York 14202.  Synacor's common stock is traded on the Nasdaq Global Select Market under the ticker symbol "SYNC."

10.     Defendant Kevin M. Rendino is Interim Chairman of the Board and has served as a director of the Company since March 2019.

11.     Defendant Himesh Bhise ("Bhise") has served as President, Chief Executive Officer ("CEO") and a director of the Company since August 2014.

12.     Defendant Elisabeth B. Donohue has served as a director of the Company since May 2017.

13.     Defendant Marwan Fawaz has served as a director of the Company since December 2011.

14.     Defendant Andrew Kau has served as a director of the Company since December 2000.

15.     Defendant Michael J. Montgomery has served as a director of the Company since December 2011.

16.     Defendants identified in paragraphs 10 to 15 are collectively referred to herein as the "Board" or the "Individual Defendants."

17.     Relevant non-party Centre Lane is a private investment firm that invests in the equity and debt of middle market companies in North America.  Centre Lane employs a flexible strategy that approaches situations with a solutions orientation and seeks to partner with strong management teams that can benefit from patient, long-term capital and Centre Lane's operational, financial and strategic expertise and support.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

18.     Synacor is a digital technology company that provides email and collaboration software, cloud-based identity management platforms, managed web and mobile portals, and advertising solutions.   The Company's customers include communications providers, media companies, government entities and enterprises.  Synacor's products and services include software platforms and monetization solutions that the Company delivers through public and private cloud software-as-a-service, software licensing, and professional services.  Synacor's main categories of products and services include cloud ID authentication, email/collaboration and managed portals and advertising.

19.     On February 11, 2021, Synacor announced its preliminary fourth quarter 2020 financial results and business highlights, including, revenue of approximately $24.0 million, exceeding the previously announced guidance of $20.0 million to $22.0 million, GAAP net income

of approximately $0.0 million, exceeding the previously announced guidance of GAAP net loss of $0.5 million to $1.1 million, and adjusted EBITDA of approximately $3.5 million, exceeding the previously announced guidance of $2.5 million to $3.1 million.  Defendant Bhise commented on the results, stating:

> I am proud of our team that delivered strong fourth quarter results exceeding our previously issued guidance.  This is continued evidence of our successful transformation into a world-class Enterprise SaaS company.  Our performance was driven by continued double-digit growth in Zimbra Enterprise SaaS plus Cloud ID SaaS revenue, and benefited from a pronounced recovery in our publisher advertising business.

20.    On February 11, 2021, Synacor issued a press release announcing the Proposed Transaction.  The press release states, in relevant part:

> BUFFALO, N.Y.-- Synacor, Inc. (Nasdaq: SYNC), a leading provider of cloud-based Collaboration and Identity Management software and services serving global enterprises, video, internet and communications providers, and governments, today announced that it has entered into a definitive agreement and plan of merger with an affiliate of Centre Lane Partners, LLC, a New York-based private investment firm, to be acquired in an all-cash transaction that values Synacor at approximately $92 million.
>
> Under the terms of the agreement, Centre Lane will commence a tender offer to acquire all of the outstanding common shares of Synacor for $2.20 in cash per share.  This represents a 29% premium to the 60-day volume weighted average stock price as of February 10, 2021.  Synacor's Board of Directors has unanimously approved the agreement.
>
> Himesh Bhise, Chief Executive Officer of Synacor, commented, "Partnering with Centre Lane, a firm with $2 billion of capital under management and an established track record of helping software companies scale, provides our stockholders with compelling value while benefiting our customers and employees.  Our Board of Directors has thoroughly and carefully considered our alternatives and believes the Centre Lane proposal is the best path forward for the company.  The Synacor team looks forward to working with Centre Lane to scale the business and deepen our value proposition to customers."
>
> "We are thrilled to support the continued growth and evolution of Synacor," said Kenneth Lau, Managing Director of Centre Lane.  "Himesh and his team have transformed Synacor into a world-class Enterprise SaaS company, while absorbing the costs and navigating the requirements of being publicly traded.  We look

forward to combining our expertise and capital resources with Synacor's talented team to further enhance its Identity, Collaboration and Advertising products, expand its customer pipeline and scale the business."

Under the terms of the agreement, Centre Lane will commence a tender offer to acquire all issued and outstanding shares of Synacor common stock for $2.20 per share in cash.  The transaction is subject to customary closing conditions and regulatory approvals, including the tender of a majority of the issued and outstanding shares of Synacor common stock.  Centre Lane has committed capital to complete the transaction and receipt of financing by Centre Lane is not a condition to closing.  Centre Lane has also entered into tender and support agreements with certain stockholders represented on the Synacor Board, under which they have committed to tender all of their Synacor shares in the tender offer, which represent approximately 18% of Synacor's issued and outstanding shares.

Following completion of the tender offer, Centre Lane will acquire all remaining shares of Synacor at the same price of $2.20 per share in cash through a second-step merger.  The closing of the transaction is expected to take place during or prior to the second quarter of 2021.  Following completion of the transaction, Synacor's common stock will be delisted from the Nasdaq Stock Market and deregistered under the Securities Exchange Act of 1934, as amended.

**The 14D-9 Contains Material Misstatements or Omissions**

28.     On March 3, 2021, defendants filed the materially misleading and incomplete 14D-9 with the SEC.  Designed to convince the Company's stockholders to tender their shares in the Offer, the 14D-9 is rendered misleading by the omission of critical information concerning: (i) Synacor management's financial projections and the data and inputs underlying the financial analyses that support the fairness opinion provided by Canaccord; (ii) the background of the Proposed Transaction; and (iii) Company insiders' potential conflicts of interest.

***Material Omissions Concerning Synacor Management's Financial Projections and Canaccord's Financial Analyses***

29.     The 14D-9 omits material information regarding Company management's financial projections.

30.     In connection with Canaccord's *Discounted Cash Flow Analysis ("DCF")*, the 14D-9 sets forth that Canaccord used unlevered free cash flows ("UFCFs") of the Company for

*calendar years* 2021 through 2024.  *See* 14D-9 at 34.  The 14D-9 sets forth the Company's UFCFs for *fiscal years* 2021 through 2024.  The 14D-9 fails, however, to disclose the Company's UFCFs for *calendar* years 2021 through 2024 utilized by Canaccord in its *DCF*.

31.     The 14D-9 also fails to disclose all line items underlying the calculation of: (i) adjusted EBITDA, including, (a) operating income, (b) interest, (c) taxes, and (d) depreciation and amortization; and (ii) UFCF for fiscal years 2021-2024, including, (a) operating income after tax, (b) depreciation and amortization expense, (c) capital expenditures, and (d) changes in net working capital.

32.     The 14D-9 also fails to disclose material information concerning Canaccord's financial analyses.

33.     The 14D-9 describes Canaccord's fairness opinion and the various valuation analyses performed in support of its opinion.  However, the description of Canaccord's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Synacor's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Canaccord's fairness opinion in determining whether to tender their shares in the Offer or seek appraisal.

34.     With respect to Canaccord's *DCF*, the 14D-9 fails to disclose: (i) the Company's UFCFs for calendar years 2021 through 2024; (ii) the terminal value of the Company; (iii) the individual inputs and assumptions underlying the discount rate range of 13.0% to 15.0%; and (iv) the Company's fully diluted outstanding shares as provided by Synacor management.

35.     The omission of this material information renders certain portions of the 14D-9 materially misleading, including, inter alia, the following sections of the 14D-9: "Certain Company Management Forecasts" and "Opinion of the Financial Advisor to the Company Board."

***Material Omissions Concerning the Background of the Proposed Transaction***

36.     The 14D-9 fails to disclose material information concerning the background of the Proposed Transaction.

37.     The 14D-9 fails to disclose whether Synacor executed confidentiality agreements with parties referred to in the 14D-9 as Companies D, G, and H, as well as the terms of all non-disclosure agreements the Company executed with interested parties including whether they contain "don't-ask, don't-waive" standstill provisions that are presently precluding any of these potential counterparties from submitting a topping bid for the Company.

38.     Any reasonable Synacor stockholder would deem the fact that the most likely topping bidders for the Company may be precluded from making a topping bid for the Company to significantly alter the total mix of information.

39.     The omission of this material information renders certain portions of the 14D-9 materially misleading, including, inter alia, the following section of the 14D-9: "Background of the Offer."

***Material Omissions Concerning Company Insiders' Potential Conflicts of Interest***

40.     The 14D-9 fails to disclose material information concerning the potential conflicts of interest faced by Company insiders.

41.     The 14D-9 sets forth that "[a]s of the date of this Schedule 14D-9, Parent and Purchaser have informed the Company that none of the Company's current executive officers have entered into any new agreement, arrangement or understanding with Parent, Purchaser or their affiliates regarding employment or retention with the Surviving Corporation." *Id.* at 12. Yet, the

8

14D-9 fails to disclose whether any of Centre Lane's proposals or indications of interest mentioned management retention or participation in the combined company.

42.     Communications regarding post-transaction employment and merger-related benefits during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for Synacor's stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

43.     The omission of this material information renders certain portions of the 14D-9 materially misleading, including, inter alia, the following sections of the 14D-9: "Background of the Offer" and "Arrangements with Current Executive Officers, Directors and Affiliates of the Company."

44.     Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations
of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

21.     Plaintiff repeats all previous allegations as if set forth in full.

22.     Defendants have caused the 14D-9 to be issued with the intention of soliciting Synacor stockholders to tender their shares in the Offer.

23.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

24.     The 14D-9 violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the 14D-9 false and/or misleading.

25.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the 14D-9, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the 14D-9, rendering certain portions of the 14D-9 materially incomplete and therefore misleading.

26.     The misrepresentations and omissions in the 14D-9 are material to Plaintiff and the other stockholders of Synacor, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Offer.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

27.     Plaintiff repeats all previous allegations as if set forth in full.

28.     Defendants violated Section 14(e) of the Exchange Act by issuing the 14D-9 in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Offer.

29.     Defendants knew that Plaintiff would rely upon their statements in the 14D-9 in determining whether to tender his shares pursuant to the Offer or seek appraisal.

30.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

**Claims Against the Individual Defendants for
Violation of Section 20(a) of the Exchange Act**

31.     Plaintiff repeats all previous allegations as if set forth in full.

32.     The Individual Defendants acted as controlling persons of Synacor within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Synacor and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the 14D-9 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

33.     Each of the Individual Defendants was provided with or had unlimited access to copies of the 14D-9 and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

34.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations

as alleged herein, and exercised the same.   The 14D-9 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of this document.

35.     In addition, as the 14D-9 sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The 14D-9 purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

36.     By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

37.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Synacor, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Directing the Individual Defendants to disseminate a 14D-9 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 15, 2021

**WEISSLAW LLP**
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, New York 10036
Tel: (212) 682-3025
Fax: (212) 682-3010

*Attorneys for Plaintiff*

**OF COUNSEL:**

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato
580 California Street, Suite 1200
San Francisco, CA 94104
Tel: (415) 568-2124
Fax: (212) 486-0462
Email: fortunato@bespc.com

*Attorneys for Plaintiff*